IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RG Steel Sparrows Point, LLC   *

  *

v.                        *       Civil Action No. WMN-09-1668

  *

Kinder Morgan Bulk Terminals,  *

Inc. d/b/a Kinder Morgan      *

Chesapeake Bulk Stevedores     *

  *

   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Before the Court is RG Steel Sparrows Point's Motion for Rule to Show Cause and Enforcement Under Fed. R. Civ. P. 65.1. ECF No. 188. The motion is fully briefed and ripe for review. Upon a review of the papers, facts, and applicable law, the Court determines (1) that no hearing is necessary, Local Rule 105.6, and (2) the motion will be denied.

In 2009, RG Steel Sparrows Point (RG Steel) brought suit against Kinder Morgan Bulk Terminals (Kinder Morgan) for breach of contract and negligence related to the collapse of the Bridge Crane at Sparrows Point. At the conclusion of a bench trial, the Court granted judgment to RG Steel, awarding damages for the loss of the Bridge Crane, demurrage, handling charges, changes in commercial terms, and other damages that were conceded by Kinder Morgan. The final judgment amount was $13,789,218, which was subsequently adjusted upwards to $15,555,884 to reflect a correction in calculating the value of the lost Bridge Crane.

Upon judgment, Kinder Morgan timely filed its notice of appeal.
It also filed an unopposed motion to approve a supersedeas bond
covering 120% of the whole judgment plus $500 for costs
security, with the approval of the bond acting as a stay on
executing judgment until Kinder Morgan's appeal was resolved.
The Court granted Kinder Morgan's motion and the case has been
stayed since March 18, 2014.  ECF No. 174.  RG Steel's bill of
costs, filed March 20, 2014, has been provisionally denied
pending the outcome of the appeal.  ECF No. 187.

In its pending appeal, Kinder Morgan challenges on multiple
grounds the Court's analysis in awarding $2,734,182 in demurrage
damages, $2,816,566 in handling charges, and $1,064,507 in
changes in commercial terms.  It does not contest the $7,066,666
valuation of the Bridge Crane or the $1,873,963 in conceded
damages.  In the pending motion before this Court, RG Steel
contends that, since Kinder Morgan does not challenge these two
categories, the $8,940,629 of the assessed judgment should not
be subject to the stay guaranteed by the supersedeas bond.  RG
Steel moves the Court to hold Kinder Morgan in contempt until
the undisputed amounts along with costs are paid and to order
the Surety to release the payment RG Steel believes it is owed.

Assuming the Court has jurisdiction, RG Steel does not cite
to authority to support disturbing the amount of a supersedeas
bond or the stay it guarantees after it has been approved by the

Court.  Instead, RG Steel argues that "the stay under Rule 62(d)
applies <u>only</u> to the $6.6 million upon which 'an appeal [was]
taken.'"  ECF No. 190 at 2 (emphasis in original).  This reading
of 62(d) is inconsistent with our local rules and the way in
which the supersedeas bond is used in the federal system.  62(d)
states simply that "[i]f an appeal is taken, the appellant may
obtain a stay by supersedeas bond."  This Court's Local Rules
require a supersedeas bond to be "120% of the amount of the
judgment plus an additional $500 to cover costs," unless
otherwise ordered by the Court.  Local Rule 110(a).  This
procedure has been interpreted to guarantee a defendant a stay
of the whole judgment "as a matter of right." <u>In re Lambert Oil
Co., Inc.</u>, 375 B.R. 197, 200 (W.D. Va. 2007) (citing <u>American
Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres,
Inc.</u>, 87 S.Ct. 1, 3 (1966)); <u>See</u> <u>CSX Transportation, Inc. v.
Peirce</u>, 2013 WL 5674850 (N.D.W. Va. Oct. 17, 2013) (reviewing
cases which support interpretation that Rule 62(d) "entitle[s]
appellant to a stay of execution of the judgment as a matter of
right").  Kinder Morgan complied with these rules at the time it
filed its unopposed motion for a stay and thus secured its right
for a stay of execution until the appeal at the Fourth Circuit
has been resolved.  As such, it appears that it is Kinder
Morgan's right to have the stay maintained.

RG Steel argues that "'a litigant may collect or enforce part of a judgment and simultaneously appeal other portions where the portions are separate and divisible.'"  ECF No. 190 at 3 (quoting Allen F. Johnson, LLC v. Port Sec. Int'l, LLC, 642 F. Supp. 2d 533, 536 (E.D. Va. 2009)).  This proposition, however, has only been applied when a plaintiff has sought partial appeal and before a stay has been executed.  The overwhelming practice in federal Courts is to presume that the full supersedeas amount is required absent a motion to alter that amount before the Court grants the stay.  See Southeast Booksellers Ass'n v. McMaster, 233 F.R.D. 456, 458 (D.S.C. 2006) (discussing the situations in which a district court may grant less than a full supersedeas bond).  RG Steel argues that it would have made such motion and asked the Court to stay only certain parts of the judgment if Kinder Morgan had not been disingenuous regarding its intentions for appeal.  RG Steel has offered no evidence of such subterfuge and instead relies on bald allegations that Kinder Morgan was trying to "hide the ball" and was less than "open and honest" with the Court and RG Steel.  Because RG Steel has provided no evidence of chicanery, the Court declines to amend the stay on equitable grounds.

Kinder Morgan also objects to the lifting of the stay on the ground that RG Steel made an assertion in the Delaware bankruptcy court that, because of the pending appeal, that court

should not grant Kinder Morgan's request for an offset of
contractual debts against this Court's judgment.  RG Steel
counters that its opposition to the bankruptcy court motion was
made in the belief that Kinder Morgan was appealing the whole
judgment and would now have no objection to the offset if the
$8,940,629 was released from surety.  The chronology of the
motion supports RG Steel's position.  The bankruptcy motion was
filed in April of this year and Kinder Morgan's appellate brief
was filed in June.  It is entirely plausible that RG Steel's
inconsistent positions are based on continuing development of
its legal theory, just as Kinder Morgan's ultimate choice of
grounds to appeal could be due to developments in legal
strategy.  Kinder Morgan's argument, though, highlights the
existence of an ongoing dispute between the parties in Delaware.
This dispute further encourages the Court to keep the stay in
place, as any lifting or alteration of the stay might have
repercussions beyond the action in this Court.

     Since there is no clear precedent for amending the
supersedeas bond after it has been granted and before the
appeal's disposition, R.G. Steel presents no evidence that would
necessitate an equitable remedy, and any alterations to the stay
could reverberate in the Bankruptcy Court in Delaware, it is
this 14th day of October, 2014, by the United States District
Court for the District of Maryland ORDERED that:

1. Plaintiff RG Steel Sparrows Point's Motion to Show

   Cause and Enforce Order is DENIED; and

2. The Clerk of the Court shall transmit a copy of this

   Memorandum and Order to all counsel

   of record.


   _____/s/_____
   William M. Nickerson
   Senior United States District Judge