```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


RG Steel Sparrows Point, LLC  *
                              *
v.                            *    Civil Action No. WMN-09-1668
                              *
Kinder Morgan Bulk Terminals, *
Inc. d/b/a Kinder Morgan      *
Chesapeake Bulk Stevedores    *
                              *
  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## MEMORANDUM AND ORDER

Before the Court is a Motion to Strike filed by Defendant Kinder Morgan Bulk Terminals, Inc.  ECF No. 202.  The motion seeks to strike a Motion for Attorney Fees, ECF No. 195, filed by Plaintiff RG Steel Sparrows Point, LLC.  The motion is fully briefed and ripe for review.  Upon a review of the papers, facts, and applicable law, the Court determines (1) that no hearing is necessary, Local Rule 105.6, and (2) the motion will be granted.

This motion arises from long and complex litigation regarding damages to the Number 4 Bridge Crane (the Bridge Crane) at the Sparrows Point steel mill facility in Baltimore County, Maryland.  After a seven-day bench trial, this Court found Defendant liable for damage caused to the Bridge Crane after an unusually violent storm.  In particular, the Court found that the parties had an implied-in-fact agreement to renew a longstanding Lease between them which required Defendant to indemnify Plaintiff for the loss of the Bridge Crane.  In doing so, the

Court rejected Defendant's argument that an alternative purchase order and AMUSA-100, which contained a limitation-of-liability clause, was the appropriate contract governing the dispute.

Defendant appealed the Court's award of consequential damages, arguing that, even if the Lease were in effect, that the limitation-of-liability clause in the AMUSA-100 superseded the Lease.  The Fourth Circuit affirmed this Court's judgment, albeit under different reasoning.  The Fourth Circuit ruled that Defendant "is liable for consequential damages even under the express terms of the purchase order it wishes us to apply."  RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc., No. 14-1245, 609 Fed. App'x 731, at 5 (4th Cir. 2015).  The Fourth Circuit reached its conclusion by looking to Section 1.4 of the AMUSA-100, which states that "'specific terms agreed in writing' by the parties that contradict 'corresponding . . . provisions' of the AMUSA-100 'shall prevail.'"  Id. at 14 (citing to the appellate record).  The court interpreted this "safety valve" provision to mean that "the AMUSA-100 bows to similar, yet contradicting, terms of a written agreement between the parties." Id. at 14-15.  The court then determined that, since the AMUSA-100's limitation-of-liability provision and the Lease's indemnification provision conflict, the AMUSA-100's "safety valve" clearly required the Lease to prevail and require Defendant to indemnify Plaintiff for consequential damages.

Subsequent to the Fourth Circuit's affirmance and opinion, Plaintiff filed a motion for attorney's fees.  Plaintiff moved on the ground that the Fourth Circuit "held that RG Steel recovers under the explicit terms and conditions of the purchase order, the AMUSA-100 . . . . [which] expressly calls for the recovery of attorney's fees."  ECF No. 195, ¶¶ 1-2.  Defendant then filed the instant Motion to Strike, ECF No. 202, on the ground that Plaintiff's motion is barred under Local Rule 109.2(a) and Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure and would otherwise fail on the merits.

The Court notes that Plaintiff does not cite to any relevant source to support its contention that the Court may award attorneys' fees at this late date.  In surveying the procedural landscape, the Court is not encouraged that it has the authority to do so.  Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure require that, unless a statute or court order provides otherwise, a prevailing party must move for attorneys' fees no later than 14 days after the "entry of judgment."  The Advisory Committee notes to Rule 54 explain that a "notice of appeal does not extend the time for filing a fee claim based on the initial judgment."  Local Rule 109.2(a) compliments Rule 54, by reiterating the 14 day filing requirement while allowing for an additional 35 days for the filing of a supporting memorandum of law.

3

Plaintiff's motion is bound by these rules as the Fourth Circuit made no direction to alter or amend this Court's judgment, and as such the deadline for attorneys' fees is set according to the date of the entry of initial judgment.  Although the Fourth Circuit diverged from this Court's opinion by affirming "for a reason supported by the record but not relied on by the district court," RG Steel, No. 14-1245, at 5 (quoting Hutto v. S.C. Ret. Sys., 773 F.3d 536, 549-50 (4th Cir. 2014)), it agreed with the Court's judgment as entered.  Once the Fourth Circuit has affirmed the underlying judgment in its entirety, the Court is prevented from making further amendments.  Doe v. Chao, 511 F.3d 461, 465 ("[A]n inferior court has no power or authority to deviate from the mandate issued by an appellate court.").  These rules, however, do not require Plaintiff to "look into the future" and file its motion prior to appeal.  Rather, Plaintiff had the opportunity to raise the issue in the proper venue of the Fourth Circuit, to petition for a rehearing pursuant to Rule 40 of the Federal Rules of Appellate Procedure, and request that the Court clarify its ruling as to the issue of attorneys' fees.

The Court will also decline Plaintiff's request to re-open the case pursuant to Rule 60 as, even if the Court were to apply the reasoning of the Fourth Circuit's opinion, it would be inevitably lead to conclude that attorneys' fees are not available to Plaintiff.  As a threshold matter, the Fourth

Circuit did not, as Plaintiff would have it, determine that the AMUSA-100 is the controlling contract between the parties. Rather, the Fourth Circuit considered both the Lease and the AMUSA-100 as governing the parties' relationship as it related to the Bridge Crane.  When faced with the conflicting limitation-of-liability and indemnification provisions, the Fourth Circuit looked to Section 1.4's "safety valve" to determine that the provision in the AMUSA-100 yielded to the provision of the Lease. As such, the Fourth Circuit determined that both contracts are valid but when conflicts arise, the Lease takes precedence over the AMUSA-100.

    The same order of operations needs to be applied when considering the separate Indemnity clauses in the Lease and the AMUSA-100.  Section 15.01 of the Lease and Section 12 of the AMUSA-100 are meant to address the same subject matter of indemnity.  Section 15.01 of the Lease limits Defendant's indemnification obligations to "loss," "liability for or on account of any injury" or "damages" caused by either party to the contract.  Plaintiff's Trial Exhibit No. 15 § 15.01.  Section 12 of the AMUSA-100, however, includes much broader obligations, requiring Defendant to indemnify against "liabilities, damages, judgments, awards, costs, and expenses of every character whatsoever (including reasonable attorney's fees)."  Plaintiff's Trial Exhibit No. 14 § 12.1.  These two clauses are plainly in

5

conflict as to what claims, damages, and costs Defendant is required to cover.  Section 1.4 accordingly requires that the Indemnity Clause contained in the Lease be followed and attorneys' fees are barred.  Plaintiff argues that the content of the Indemnity Clause in the AMUSA-100 are intended to "compliment" the Indemnity Clause of the Lease, but there is nothing contained in either contract to indicate that function, and in fact, such an interpretation would be contrary to the provisions of Section 1.4.

Accordingly, it is this 4th day of September, 2015, by the United States District Court for the District of Maryland ORDERED that:

1. Defendant Kinder Morgan Bulk Terminals' Motion to Strike, ECF No. 202, is GRANTED;
2. Plaintiff RG Steel Sparrows Point, LLC's Motion for Attorney Fees, ECF No. 195, is STRIKEN; and
3. The Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge