IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RG STEEL SPARROWS POINT, LLC        *
f/k/a SEVERSTAL SPARROWS            *
POINT, LLC                          *
                                    *
          Plaintiff                 *
                                    *
v.                                  *
                                    *   Civil Action No. WMN-09-1668
KINDER MORGAN BULK TERMINALS,       *
INC. d/b/a KINDER MORGAN            *
CHESAPEAKE BULK STEVEDORES          *
                                    *
          Defendant                 *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Before the Court is Defendant's Motion to Review the
Clerk's Order Taxing Costs.  ECF No. 211.  That motion is ripe.
Upon a review of the pleadings and the applicable case law, the
Court determines that no hearing is necessary.  Local Rule
105.6.  For the reasons set forth below, Defendant's motion is
granted in part and denied in part, and costs will be taxed in
favor of Plaintiff and against Defendant in the amount of
$47,465.36 and included in the judgment.

**I. FACUTAL AND PROCEDURAL BACKGROUND**

This case arose in the aftermath of the catastrophic
collapse of a bridge crane owned by Plaintiff RG Steel Sparrows
Point, LLC and used by Defendant Kinder Morgan Bulk Terminals,
Inc. to unload coke used to fuel a steel mill located near
Baltimore, Maryland.  On March 6, 2014, judgment was entered in

this action in favor of Plaintiff and against Defendant in the amount of $13,789,218.00.  ECF No. 171.  On March 13, 2014, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit.  ECF No. 172.  On March 20, 2014, Plaintiff filed a Bill of Costs, ECF No. 176, which was opposed by Defendant.  ECF No. 179.  On July 3, 2014, Plaintiff's Bill of Costs was denied without prejudice pending appeal.  ECF No. 187.  On April 28, 2015, the Fourth Circuit affirmed the judgment of this Court, ECF No. 192, which became effective by mandate issued May 20, 2015.  ECF No. 196.

On May 29, 2015, Plaintiff, the prevailing party, submitted an amended Bill of Costs requesting that the Clerk tax the following costs against Defendant:

| | |
|---|---|
| Fees of the Clerk | $350.00 |
| Fees for service of summons and subpoena | $530.00 |
| Fees for printed or electronically recorded transcripts | $43,336.85 |
| Fees of disbursements for printing | $7,070.70 |
| Fees for witnesses | $53.00 |
| Fees for exemplification and the costs of making copies | $77,912.99 |
| Docket fees under 28 U.S.C. § 1923 | $349.30 |

TOTAL    $129,601.84

ECF No. 201.  Defendant did not file an opposition to the amended Bill of Costs.  On December 1, 2015, the Clerk issued an

Order taxing the entirety of costs in favor of Plaintiff and against Defendant in the amount of $129,601.84.[1]   ECF No. 210.

Defendant does not deny that Plaintiff, as the prevailing party, should be afforded costs.   Rather, Defendant argues that Plaintiff's Bill of Costs does not contain the required supporting documentation and that many of the costs requested and subsequently assessed are not properly taxable pursuant to 28 U.S.C. § 1920.   ECF No. 211-1 at 1.   Defendant asks the Court to vacate the Clerk's Order Taxing Costs, deny a number of costs totaling $102,688.31, and tax no more than $26,913.53 in costs. ECF No. 213 at 8.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Taxation of costs in the first instance is generally performed by the Clerk on the prevailing party's motion.[2]   Guidelines 1(A).   Under Rule

---

[1] According to Local Rule 109.1(c) "if no [opposing] memorandum is filed within the required time, the Clerk may, without notice or hearing, tax all of the requested costs."

[2] The Clerk's Office of this Court provides Guidelines for Bills of Costs (Guidelines) to assist parties with proper filing.   See United States District Court for the District of Maryland Guidelines for Bills of Costs, 3rd Edition, Effective June 1, 2013.

54(d)(1), a party may move for review of the Clerk's order taxing costs within seven days of taxation.

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;(3) Fees and disbursements for printing and witnesses;(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;(5) Docket fees under section 1923 of this title;(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  While an award of costs to the prevailing party is usual, the inclusion of various items within that award rests with the sound discretion of the trial court.  See Advance Bus. Sys. & Supply Co. v. SCM Corp., 287 F. Supp. 143, 162 (D. Md. 1968), aff'd 415 F.2d 55 (4th Cir. 1969) (recognizing that a trial court possesses broad discretionary powers in allowance or disallowance of costs).  The Supreme Court has observed that taxable costs under Section 1920 are "modest in scope" and "limited to relatively minor, incidental expenses." Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997, 2006 (2012).

In order to recover costs, the prevailing party bears the burden of showing that the requested costs are allowable under Section 1920.  Francisco v. Verizon S. Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011).  Once the prevailing party has met this burden,

the burden shifts to the party or parties that did not prevail to identify any impropriety of taxing the proposed costs.  Id.

## III. DISCUSSION

There are several claimed costs to which Defendant has not objected.  These costs include fees of the clerk, fees for service of the summons and subpoena, fees for witnesses, and docket fees under 28 U.S.C. §1923.  Accordingly, no further discussion is required with respect to those costs and they will be taxed against Defendant.  Defendant objects to $102,688.31 in costs taxed as A) fees for printed and electronically recorded transcripts, B) fees and disbursements for printing, and C) fees for exemplification and costs of making copies.  ECF No. 213. The Court will address Defendant's objections to costs in these categories in turn.

### A. Fees for Printed and Electronically Recorded Transcripts

Section 1920(2) authorizes the Court to tax as costs fees for "printed or electronically recorded transcripts necessarily obtained for use in the case."  The Clerk taxed $43,336.85 in costs against Defendant in this category.  Defendant objects to the taxation of video deposition costs totaling $12,771.09, ASCII costs totaling $2,712.80, and an expedited deposition transcript cost of $631.00.

5

i. Cost of Videotaping Depositions

Federal Rule of Civil Procedure 30(b)(3)(A) provides the party taking a deposition with the choice of alternative means for recording the testimony, including "by audio, audio-visual, or stenographic means."  The Fourth Circuit has determined that a prevailing party may recover costs for both transcribing and videotaping depositions necessarily obtained for use in the case.  See Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999) ("there surely are circumstances when both a videotape and a transcript of a deposition may be necessary."). The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial.  Id.  Only transcription costs are recoverable unless there is a showing that a transcript would not have been sufficient for the need identified.  Id.

Defendant contends that Plaintiff is not entitled to recover costs for both transcribing and videotaping seventeen depositions.  Defendant argues the decision to videotape depositions was merely Plaintiff's preference for how to present its case rather than a necessary expense taxable under Section 1920(2).  ECF No. 213 at 2-3.  Plaintiff claims the videotapes were necessary because it anticipated that witnesses would be unavailable for trial and sought to preserve those witnesses'

6

testimony by video.[3]  See ECF No. 201-1 at 3 ("Each deposition []
was necessary because each of those depositions was considered
an evidence deposition in which the witness might not be
available at trial.  The video transcript was necessary to
ensure that the witness's demeanor and credibility could be
assessed at trial through the electronic media.").  Plaintiff
further emphasizes that at the time the depositions were taken,
five of the seventeen witnesses were already outside the
subpoena power of the court.  ECF No. 212 at 4.

Other district courts have found that the use of videotaped
depositions to preserve the testimony of witnesses is
"necessary" in accordance with Section 1920(2).  See MEMC Elec.
Materials v. Mitsubishi Materials, No. C-01-4925-JCS, 2004 WL
5361246, at *5 (N.D. Ca. Oct. 22, 2004) (concluding that the
cost of videotaping and the cost of transcribing depositions met
the requirements of Section 1920(2) as "the use of videotaped
depositions was a reasonable and efficient way to preserve the
testimony of witnesses"); c.f. Foster v. Mountain Coal Company,
LLC, Civil No. 12-3341-LTB, 2015 WL 4484364, at *1 (D. Co. July
23, 2015) (noting "both means of recording have advantages;
while it is easier for the trier of fact to assess an absent

---

[3] Plaintiff asserts that all video depositions were of fact
witnesses important to the case including "crane operators,
business leaders, witnesses at time of incident, and witnesses
regarding investigation."  ECF No. 212 at 4.

witness's credibility from a videotape, transcripts are useful in the event of technical problems with the videotape and are easier for courts to use in deciding issues involving deposition testimony"). The Court concludes that Plaintiff's use of video depositions to preserve witness testimony at trial was necessary in this fact-intensive, technical case, therefore, the challenged deposition costs were properly taxed by the Clerk.

ii. Costs of ASCII

Defendant challenges the Clerk's taxation of $2,712.80 in costs for American Standard Code for Information Interchange, (ASCII), which are costs for unofficial, unedited deposition transcripts.[4]  The Guidelines list as non-taxable "ASCII diskettes for copies of depositions transcripts."  Guidelines II(D)(2)(b).  Courts have not been as willing to tax deposition costs derived from items obtained in addition to the actual deposition transcripts.  See Scallet v. Rosenblum, 176 F.R.D. 522, 527 (W.D. Va. 1997) (prohibiting the taxation of a disk copy of a transcript and explaining "[m]ost courts have reasoned that minuscripts and disk copies are only for the convenience of attorneys"); see also Southprint, Inc. v. H3, Inc., No. 4:02-CV-038, 2005 WL 3177627, at *3 (W.D. Va. Nov. 23, 2005) ("the court

---

[4] Plaintiff does not challenge the Defendant's calculation that $2,712.80 in costs was associated with "rough ASCII."  See ECF No. 212 at 5-8.

8

agrees that [the prevailing party] may not tax as costs items prepared in addition to the actual transcripts."); see also Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp. 2d 1065, 1080 (D. Kan. 2005) (disallowing court reporter's charges for "ASCII disks" because they are "for the convenience of counsel").

Defendant claims the ASCII costs requested by Plaintiff are the costs of formatting files onto a disk while Plaintiff claims the ASCII costs were not for diskette copies but rather rough transcripts of fourteen fact witnesses' depositions.  ECF No. 212 at 7.  The Court cannot tell what Plaintiff received as "rough ASCII" from the receipts submitted with the Bill of Costs.  ECF No. 201-4.  Despite the parties' disagreement in this matter, it is clear to the Court that rough ASCII costs are costs assessed in addition to the actual certified deposition transcript.  See ECF No. 201-4 at 3 (listing $799.00 as the cost for the original and 1 certified transcript and $253.80 as the cost for Rough ASCII).

Plaintiff claims the ASCII transcripts were necessary to permit Plaintiff's attorneys to prepare for many depositions within a short timeframe.[5]  ECF No. 212 at 7.  Plaintiff's necessity argument is undermined by the receipt for the

---

[5] Plaintiff asserts that "[w]hen taking multiple depositions in a short time period it is appropriate to have the rough transcript to ensure that questions are not duplicated from one witness to the next and to ensure that follow on witnesses are properly questioned."  ECF No. 212 at 7.

deposition transcripts of Diana Lynn and Janice Restorff.  ECF
No. 201-4 at 32.  On that receipt, next to "Comments or Special
Instructions" there is a note which states "Original transcript
sent to Owen Duffy (Chalos) via FedEx of 5/19/10.  Transcript
ASCII e-mailed on 5/18/2010."  Id.  Under this note there is a
box which shows that the transcript was shipped "FedEx
Overnight."  Id.  It appears that Plaintiff received the ASCII
formatted transcript by email one day before the original
transcript arrived by mail.  There is also evidence that for
some depositions Plaintiff may have received an original
transcript and the rough ASCII on the same day through FedEx
Overnight.  See id. at 3.  Because deposition costs incurred for
the convenience of counsel, to aid in thorough preparation or
for purposes of investigation only, are not recoverable, United
States Equal Emp't Opportunity Comm'n v. W&O, Inc., 213 F.3d
600, 620 (11th Cir. 2000), the Court declines to tax the costs
of rough ASCII, whether in the form of diskette or rough
transcript, against Defendant.

iii. Costs of an Expedited Deposition Transcript

Defendant requests that the Court decline to tax $631.00 in
costs for the expedited deposition transcript of Mr. Kenneth
Edmonds.  Costs for expedited production are allowable when the
recovering party can show necessity for the expedited service.
See, e.g., Ferris v. AAF-McQuay, Inc., Civil No. 5:06-CV-82,

10

2008 WL 495656, at *1 (W.D. Va. Feb. 21, 2008).  In Defendant's proposed Pretrial Order, it identified on its "may call" list Mr. Edmonds.  ECF No. 133.  Mr. Edmonds was not identified as a witness by Defendant in interrogatories, and therefore, Plaintiff promptly filed a Motion to Strike the undisclosed witness, ECF No. 135, which was denied.  ECF No. 171.  When Defendant moved Mr. Edmonds from the "may call" to the "will call" list, Plaintiff issued a deposition notice.  ECF No. 212-6.  Mr. Edmonds was deposed in the middle of trial and testified shortly thereafter.  The Court finds Plaintiff has shown the requisite necessity for expedited production; quickly obtaining Mr. Edmonds' transcript was not just for the convenience of counsel, it was essential based on the timing of the disclosure of Mr. Edmonds as a witness.  As such, the cost of Mr. Edmonds' expedited deposition transcript was properly taxed by the Clerk.

**B. Fees and Disbursements for Printing and Witnesses**

Fees and disbursements for printing and witnesses are taxable under 28 U.S.C. § 1920(3).  With respect to the taxation of fees and disbursements for printing, the Guidelines state: "[t]hese fees are typically taxed by the court of appeals in its mandate."  Guidelines II(E).  Defendant objects to the entire amount taxed in this category, $7,070.70 which can be broken down into two subsections; i) the cost of Plaintiff's electronic brief and ii) the cost of Plaintiff's appellate brief.

i. Cost of Plaintiff's Electronic Brief

At the conclusion of trial, the parties prepared findings of fact and conclusions of law to assist the Court in preparing its decision.  Plaintiff paid $6,632.50 to prepare an electronic brief (iBrief) with hyperlinked exhibits, ECF No. 201-8 at 4, the cost of which was taxed in full against Defendant.  In support of its Bill of Costs, Plaintiff explains:

> [t]he iBrief was prepared to assist the court and the court's clerks in efficiently reviewing and analyzing the proposed findings of fact and conclusions of law and then verifying the same by clicking through to the particular piece of evidence, testimony, or case law.

ECF No. 212 at 9.  According to Plaintiff, the high cost of this brief was "tied to the number of citations that had to be linked."  ECF No. 212 at 9.

Defendant argues that there is no authority which allows Plaintiff to tax the cost of an electronically linked brief under Section 1920(3).  In Opposition, Plaintiff merely argues that it "advised Defendant that it intended to provide the court with an electronic brief with hyperlinked exhibits to assist the court in its review of the documentary evidence, testimony, and case law at issue."  ECF No. 212 at 8.  Plaintiff has not met its burden of supporting its request for reimbursement by showing that the cost of the iBrief is allowable under Section 1920(3) as a fee or disbursement for printing, therefore, the

12

Court will decline to tax the $6,632.50 for preparation of Plaintiff's iBrief.

## ii. Cost for Appellate Brief

Under the category of fees and disbursements for printing, the Clerk taxed $438.20 in costs for Plaintiff's appellate brief.  The appellate brief invoice submitted to the court shows that Plaintiff paid $518.60 for the following services:

> Proofed for compliance with court rules; Prepared cover, table of contents and table of authorities (if needed); printed filed and served Brief; filed the brief electronically per court requirements; Hand delivered brief to court; mailed or delivered copies of brief to client and opposing counsel per certificate instructions.[6]

ECF No. 201-8 at 7.  Plaintiff previously filed a Bill of Costs in the Fourth Circuit requesting $80.40 in costs for printing the appellate brief, which Defendant paid.  ECF No. 212 at 9. Defendant objects to the taxation of the remaining $438.20 in costs under the category of fees and disbursements for printing. Because the cost for printing Plaintiff's appellate brief was taxed against Defendant, and Plaintiff has not put forth any argument for why it should receive the remaining auxiliary costs for producing this brief, the Court will decline to tax the $438.20 in costs as submitted by Plaintiff.

---

[6] Apart from the $26.10 paid for sales tax, these costs are not itemized.

Accordingly, the Court will decline to tax the requested $7,070.70 ($6,632.50 + $438.20) in costs for fees and disbursements for printing against Defendant.

## C. Fees for Exemplification and the Costs of Making Copies

Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case are taxable under 28 U.S.C. § 1920(4). "[T]he language 'necessarily obtained for use in the case' in 28 U.S.C. § 1920(2) and (4) requires merely that costs be relevant and reasonable and not that they be indispensable to the final outcome." Am. Med. Sec., Inc. v. Larsen, 31 F. Supp. 2d 502, 509 (D. Md. 1998). "§ 1920(4) encompasses discovery-related costs," and is not limited to "materials attached to dispositive motions or produced at trial." Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 257–58 (4th Cir. 2013); see also Wyne v. Medo Indus., Inc., 329 F. Supp. 2d 584, 590 (D. Md. 2004) ("[C]osts incurred in copying depositions, exhibits, and other documents for use in the case are taxable against the non-prevailing party.")(citations omitted). "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010).

The bulk of costs assessed against Defendant fall into this category and Defendant challenges these costs on three grounds as; i)costs submitted to another court, ii) excessive per page copying costs, and iii) impermissible costs for electronically stored information.  In its motion, Defendant double counted certain costs as improperly assessed in more than one of these categories, and due to this error, it challenged a total of $85,062.73 in exemplification and copying costs, an amount above the total taxed by the Clerk.  The Court has examined in detail Plaintiff's Cost Itemization Table, Exhibit A, which itemizes all costs, including those for exemplification and copying, and delineates exhibits where receipts for each cost can be found. See ECF No. 201-2 (listing costs for copying and exemplification as item numbers 69-91).  The Court finds costs submitted by Plaintiff in this category include costs for physical copies, $6,260.30, as well as electronically stored information, $71,133.48.  Although Defendant may have miscalculated its total objection to costs for fees for exemplification and the costs of making copies, Defendant clearly disputes the taxation of the entire amount taxed in this category, $77,912.99.

i. Costs Submitted to the Bankruptcy Court

Some of the costs Plaintiff requested for physical copies are documented on fee applications filed with the United States

Bankruptcy Court for the District of Delaware.[7]  In Defendant's
motion, it challenges $7,149.74 in costs it claims Plaintiff
already sought in Bankruptcy Court as not necessarily obtained
for use in this case.  ECF No. 211-1 at 8.  Defendant's argument
that these costs were submitted in a separate and unrelated
bankruptcy action is incorrect;[8] Plaintiff was required to seek
bankruptcy court approval to pay fees and costs for this
litigation.  ECF No. 115-2.  Plaintiff asserts that the fee
applications were filed to permit Plaintiff to reimburse
Plaintiff's attorneys for expenses incurred, including copying
costs.  The Court agrees that the applications sought copying
costs necessarily obtained for use in this case, thus, the copy
costs incurred, as documented on fee applications to the
Bankruptcy Court, are taxable against Defendant.

ii. Excessive Per Page Copying Costs

    Item number 79 in Plaintiff's Exhibit A, ECF No 201-2,
shows $3,658.50 was taxed against Defendant for 4,878 pages of
color photocopies used as trial exhibits at $0.75 per page.
Plaintiff categorizes this cost as a cost for photocopying

---

[7] Plaintiff is a debtor in possession in a Chapter 11 bankruptcy.
ECF No. 120; see also In re WP Steel Venture LLC, et al., Case
No. 12-11661, U.S. Bankruptcy Court for the District of
Delaware.

[8] Defendant also argues that Plaintiff did not properly document
these charges.  ECF No. 213 at 7.  The Court finds that ECF 201-
1 and 201-6 include the information needed to tax these costs.

rather than a cost for exemplification and Defendant has not challenged this categorization.  The Guidelines list copy costs as taxable at the lesser of the actual copy cost or the copy fee rates in the Court's schedule of fees, as established under 28 U.S.C. § 1914.  Guidelines 2(H)(1).  The United States District Court for the District of Maryland Schedule of Fees, effective January 1, 2016, lists the current copy fee for paper documents at $0.50 per page, which is "presumed reasonable."  Guidelines 2(H)(3) n.3.  If Plaintiff's 4,878 color copies under item 79 were taxed at $0.50 per copy, the total cost would be $2,439, therefore, Defendant challenges $1,219.50 in excessive per page copying costs.  The Court will tax the costs for these copies in accordance with the Schedule of Fees and deduct $1,219.50 from the Clerk's Order Taxing Costs.

iii. Costs of Electronically Stored Information

     With regard to duplication of electronically stored information (ESI), making copies for purposes of cost recovery under Section 1920(4) is expressly limited to the cost of converting native files to non-editable formats and copying those files onto discs.  Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 260 (4th Cir. 2013) (Country

Vintner II).[9]  In Country Vintner I, the prevailing party asked the Court to tax costs in the following ESI-related categories:

1) Flattening and Indexing,

2) Searching/Review Set/Data Extraction,

3) Tiff Production and PDF Production,

4) Bates Numbering,

5) Copying Images onto a CD or DVD, and

6) Management of the Processing of the Electronic Data.

Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc., 5:09-cv-326-BR, 2012 WL 3202677, at *3 (E.D.N.C. Aug. 3, 2012)(Country Vintner I).  In that case, the district court taxed costs for Tiff Production and PDF Production as well as costs for Copying Images onto a CD or DVD and declined to tax all other ESI-related costs as copying expenses under Section 1920(4).  Id.  The district court noted that "[w]hile it is possible that the bill of costs may contain other ESI-related expenses that are taxable, the court is unable to readily discern whether any other listed costs may appropriately be attributed to copying, and, if so, the amount of such costs,

---

[9] The Guidelines also reflect the limitation articulated in Country Vintner II, stating "[e]xpenses for producing electronically stored information are limited to converting electronic files to non-editable formats and burning the files onto discs."  Guidelines 2(H)(1)(g).

particularly because [the prevailing party] has included various
multi-task entries in the bill of costs." Id. at 3 n.5.

Defendant argues that Plaintiff failed to document the ESI-
related costs so as to allow the Court to determine what each
charge was for and whether that cost was necessary, and that
therefore, the entire amount taxed, $71,133.48, must be deducted
from the Clerk's Order Taxing Costs.  ECF No. 213 at 4.
Plaintiff's Opposition attempts to distinguish this case from
Country Vintner I, stating that in that case, the plaintiff
"never requested that the defendant's documents be processed and
produced with ESI data."  ECF No. 212 at 14 (emphasis in
original).  Plaintiff claims that because the parties in this
case agreed, in a ten page Discovery Format Protocol, to the
form of production for ESI, ECF No. 212-1, such costs are
taxable under Section 1920(4).  ECF No. 212 at 14.  Plaintiff
cites dicta from a footnote in Country Vintner II, where the
Fourth Circuit suggested that

> [i]f for instance, a case directly or indirectly
> required production of ESI-unique information such as
> metadata, we assume, without deciding, that taxable
> costs would include any technical processes necessary
> to copy ESI in a format that includes such
> information.

Country Vintner II, 718 F.3d at 260 n.19 (emphasis added).
Plaintiff claims that it had no choice but to incur ESI costs
based on the agreed to discovery protocol, and that therefore,

all ESI-related costs were necessary and taxable.  The Court
disagrees.

In Opposition, Plaintiff has not shown which ESI-related
costs constitute copying expenses despite Defendant's explicit
argument that Plaintiff is not entitled to recover any ESI-
related costs due to poor documentation which makes it
impossible to tell which costs may or may not be associated with
converting native files to non-editable formats and copying
those files onto discs.  Plaintiff's invoices for ESI-related
materials include costs for

1) Data acquisition- forensic imaging fee,

2) Data acquisition- image extraction,

3) Target media,

4) Consulting,

5) Pre-processing,

6) Native file processing,

7) Tech time,

8) Messenger/freight, and

9) Tax.

ECF No. 212 at 15.  The Court finds that the parties'
stipulation regarding the production of ESI cannot make ESI-
related costs "necessary," in accordance with Section 1920(4),
unless the costs are copying costs.  While Plaintiff's Bill of

20

Costs may contain ESI-related expenses that are taxable, the court is unable to readily discern whether any listed costs may appropriately be attributed to copying.  As a result, Plaintiff has not met its burden of supporting its request for reimbursement with respect to any ESI-related costs,[10] and therefore, the Court will decline to tax the requested $71,133.48 in ESI-related costs against Defendant.

## IV. CONCLUSION

For the above-stated reasons, the Court will grant in part and deny in part Defendant's Motion to Review the Clerk's Order Taxing Costs.  ECF No. 211.  The Clerk taxed $129,601.84 in costs in favor of Plaintiff and against Defendant.  The Court will deduct a total of $82,136.48 from the Clerk's Order Taxing Costs; subtracting $2,712.80 for Rough ASCII, $6,632.50 for the iBrief, $438.20 for the appellate brief, $1,219.50 for color copies, and $71,133.48 for ESI.  The Court shall enter a separate order taxing $47,465.36 in costs against Defendant.

_____/s/____  _____
William M. Nickerson
Senior United States District Judge


DATED: April 7, 2016

---

[10] In Opposition, Plaintiff merely refers the Court to ECF No. 201-6 at 51-55, which documents ESI-related costs by category, and argues that these costs are taxable because the parties' agreement made them necessary.  ECF No. 212 at 15.